FILED
2017 APR -6 PM 2:42
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**THE ROOF DEPOT, INC.,**
**a Georgia corporation,**

**Plaintiff,**

**vs.** **CASE NO.** 6:17-cv-610-ORL-18-GJK

**YORDANYS HECTOR, an individual, and YAVE YIRE ENTERPRISES, INC., d/b/a The Roof Depot, Inc., a Florida corporation,**

**Defendants.**
______________________________)

## COMPLAINT

Plaintiff, THE ROOF DEPOT, INC., a Georgia corporation, sues Defendants, YORDANYS HECTOR, an individual, and YAVE YIRE ENTERPRISES, INC., d/b/a The Roof Depot, Inc., a Florida corporation, and alleges:

## PARTIES

1. Plaintiff, THE ROOF DEPOT, INC. ("TRD"), is a corporation duly organized under the laws of the state of Georgia and registered to do business in the state of Florida. TRD maintains its principal place of business at 11260 Old Roswell Road, Alpharetta, Georgia 30009 and maintains Florida offices at 544 Douglas Avenue, Altamonte Springs, Florida 32714.

2. Defendant, YORDANYS HECTOR ("Hector"), is an individual who, upon information and belief resides at 2156 Sunset Terrace Dr, Orlando, Florida 32825-8545.

3. Defendant, YAVE YIRE ENTERPRISES, INC., d/b/a The Roof Depot, Inc.

("Yave Yire") is a corporation organized under the laws of the State of Florida with its principal place of business at 390 North Orange Ave., Suite 2300, Orlando, Florida 32801. Upon information and belief, Yave Yire's stated business location is an executive office suite. Since 2013, Yave Yire has filed numerous applications to operate under the fictitious name "Roof Depot Inc." Defendant Hector is the President and, upon information and belief, sole shareholder of Yave Yire.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under the provisions of 15 U.S.C §§ 1121 &1125(d), 28 U.S.C. §§ 1338(a) & 1367. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 insofar as this action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. As an individual residing in, and a corporation formed in the State, Defendants are subject to the personal jurisdiction of this Court.

6. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) & 1391(c) and in this Division pursuant to Local Rule 1.02, M.D.Fla. Local Rules.

## GENERAL ALLEGATIONS

7. Since 1998, TRD has served residential and commercial roofing needs throughout the Southeast. TRD currently offers commercial and residential roof installation, repairs, maintenance and replacement along with ancillary services such as installation of siding, gutters, ventilation and skylights.

8. TRD has offered its roofing services in no fewer than 15 States and the

U.S. Virgin Islands. TRD's headquarters in is Alpharetta, Georgia and it maintains other offices in Florida, Georgia and North Carolina.

9. TRD first established its office in Central Florida in 2004, and has consistently offered its roofing services throughout Florida since that time.

10. Since its inception, TRD has advertised, marketed and promoted its roofing services under the mark ROOF DEPOT. TRD also uses a variety of logos incorporating the ROOF DEPOT mark with its distinctive red, white and blue trade dress color scheme including:




11. TRD has advertised its ROOF DEPOT mark and/or logos and trade dress via television, internet, radio, newspapers, magazines, mailers, billboards, signs, vehicle signage, letterhead and business cards. TRD has expended over $2 ½ million in the promotion and advertising of its ROOF DEPOT mark, logos and trade dress.

12. Due to pervasive, continuous and exclusive use of its ROOF DEPOT mark, logos and trade dress in interstate commerce, the roofing services offered by TRD have come to be associated exclusively with TRD. The ROOF DEPOT mark, logos and trade dress have come to be recognized by the relevant public as identifying the services offered by TRD. Indeed, the ROOF DEPOT mark, logos and trade dress constitute an asset of significant goodwill for TRD.

13. As a result of the high quality roofing services offered by TRD under its ROOF DEPOT mark, logos and trade dress, TRD's business has flourished with TRD servicing, repairing or constructing no fewer than 175,000 roofs and generating total revenues exceeding a quarter of a billion dollars and annual revenues exceeding $44 million including more than $10 million in the State of Florida.

14. Beginning years after TRD established its Florida office, and with full knowledge regarding TRD's goodwill represented by its ROOF DEPOT mark, Defendants began offering their re-roofing services under the TRD's ROOF DEPOT mark. Defendant's decision to adopt the TRD's ROOF DEPOT mark was undertaken with the express intent to trade upon TRD's goodwill, pass off Defendants' re-roofing services as emanating from TRD and to create confusion among the consuming public.

15. In its effort to trade on TRD's goodwill and cause consumer confusion, Defendants:

a. Registered the fictitious name "Roof Depot Inc." in an effort to mislead the public into believing that Defendants were actually TRD: the real entity known as and registered with the Florida Secretary of State as The Roof Depot, Inc.

b. Held themselves out to the consuming public as "Roof Depot Inc." rather than Yave Yire so as to confuse consumers into believing that they were dealing with TRD – the corporate entity of that name in Florida.

c. Registered the internet URL roofdepotflorida.com so as to cause consumers to mistakenly visit Defendants website rather than TRD's website and to falsely foster the impression that Defendants were the Florida arm of TRD.

d. Falsely represents on Defendants' website that Yave Yire (operating under the name ROOF DEPOT INC.) "has been a trusted roofing company for over 24 years…" even though Yave Yire has only been in existence since September 29, 2008. This misrepresentation is designed to further the mistaken impression that Defendants are – in fact – TRD which has been a trusted roofer for much longer than Defendants have been in operation.

e. Use sales agents – such as Doug Oliver Development, Inc – to verbally mislead consumers into believing that they are dealing with TRD when – in fact – they are dealing with Defendants.

f. Employ a LinkedIn.com page for Defendant Hector reflected below:




This LinkedIn.com page falsely suggests that Defendant Hector is the CEO at TRD as well as at Defendant Yave Yire. Moreover, Defendants have copied TRD's distinctive red, white and blue logo: from TRD's website.

16. When TRD first learned of the Defendants infringing conduct, TRD sought to lessen any consumer confusion through an extensive radio advertising campaign in the

Central Florida market emphasizing that only legitimate TRD roofing employees used trucks bearing TRD's red, white and blue trade dress. The radio script states as follows:

> Hello. I'm Michael Scaggs, Vice President of Roof Depot. We have a special announcement for anyone interested in a roof replacement or repair. It has come to our attention that there is a company in Florida using our name and marketing relationships to trick customers into doing business with them while pretending to be a company you've heard on this station. We are proud of our relationship with News 96.5 and it is our desire to continue to serve your needs while exposing companies who are misrepresenting themselves. Here are ways to tell you have contacted the real Roof Depot. Our trucks are wrapped in red, white and blue and have our name and Florida license numbers displayed on the side. Estimates are never hand written. They describe in detail the work to be done and the products to be used. And we are the only company to offer the one price guarantee. Our contract price is the final price and we do not charge for decking repairs. After doing all of your research and selecting a company you trust it is important that you have the confidence that the company you have chosen is the original Roof Depot. To request a repair or new roof quote, call Roof Depot at 1-800-myroofer. Or visit us on the web at roofdepotpros.com Don't trust your roofing project to just anyone. Choose Roof Depot, Florida's roofing, gutter and siding pros.

17. In response to this radio advertising campaign, Defendants adopted vehicle signage that also utilizes the ROOF DEPOT mark in a red, white and blue presentation.

18. Defendants' efforts to confuse the consuming public by using TRD's ROOF DEPOT mark have been all too successful. There have been multiple instances of consumers actually being confused into believing that they are dealing with TRD when – in fact – they are dealing with Defendant. Such instances of actual confusion include: misdirected consumer complaints, misdirected consumer telephone calls, misdirected legal subpoenas and misdirected communications from insurance companies.

## COUNT I

## False Designation of Origin Under § 43(a) of the Lanham Act

19. Paragraphs 1 through 16 are incorporated and realleged by reference.

20. This is an action for false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

21. TRD's ROOF DEPOT mark, logos and trade dress have become uniquely associated with and identifies TRD and its services.

22. Defendants' use of TRD's ROOF DEPOT mark and confusingly similar trade dress on its vehicle signage and on marketing materials constitutes the use of false designation of origin in violation of 15 U.S.C. § 1125(a).

23. Defendants' conduct is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection or association of Defendants and their often inferior re-roofing services with TRD or as to the origin sponsorship, or approval of Defendants' commercial activities by TRD.

24. Defendants' infringing and violative conduct has caused irreparable and immediate injury to TRD for which it has no adequate remedy at law.

25. TRD has suffered damages as a result of Defendants' violation of 15 U.S.C. § 1125(a).

26. Defendants' conduct was willful, intentional and with full knowledge of Plaintiff's superior rights.

## COUNT II

## Common Law Unfair Competition

27. Paragraphs 1 through 24 are incorporated and realleged by reference.

28. This count arises under the Florida common law of unfair competition. Jurisdiction is pendant to Count I pursuant to 28 U.S.C. § 1338(b).

29. By committing the acts herein alleged, Defendants are guilty of unfair

competition, deceptive advertising and unfair trade practices, in violation of the Florida common law of unfair competition.

30. Defendants' acts of unfair competition are likely to cause confusion, deception and mistake, and have caused, and will continue to cause, irreparable and immediate injury to TRD for which it has no adequate remedy at law.

31. TRD has suffered damage as a result of Defendants' acts of unfair competition.

32. Defendants' acts of unfair competition are in willful and wanton disregard of TRD rights.

**COUNT III**

**Common Law Trademark Infringement**

33. Paragraphs 1 through 30 are incorporated and realleged by reference.

34. This count arises under Florida common law trademark infringement. Jurisdiction is pendant to Count I pursuant to 28 U.S.C. § 1338(b).

35. TRD's ROOF DEPOT mark is subject to common law trademark protection.

36. Defendants' conduct is likely to cause confusion, deception and mistake, and has caused, and will continue to cause, irreparable and immediate injury to TRD for which it has no adequate remedy at law.

37. TRD has suffered damage as a result of Defendants' acts of unfair competition.

38. Defendants' acts of common law trademark infringement are in willful and wanton disregard of TRD's rights.

## COUNT IV

## Florida Deceptive and Unfair Practices Act

37. This is an action for violations of the Florida Unfair and Deceptive Practices Act, Fla. Stat. §501.201 et seq. Jurisdiction is pendant to Count I pursuant to 28 U.S.C. § 1338(b).

38. The Plaintiff reallege paragraphs 1 through 36 above as though fully set forth herein.

39. Defendants have committed deceptive and unfair acts by: (a) using TRD's ROOF Depot mark and/or trade dress to mislead consumers as to the source of Defendants' re-roofing services; (b) using the fictitious name "Roof Depot Inc." to falsely suggest the operation of a corporate entity by that name; (c) unfairly competing with TRD in the field of roof construction services by falsely suggesting an affiliation or connection to TRD; and (d) using the URL roofdepotflorida.com to mislead consumers into believing that they are dealing with TRD when – in fact – they are dealing with Defendants.

40. These deceptive and unfair acts by Defendants have caused direct and proximate damage to the business of TRD.

## COUNT V

## Cybersquatting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)

41. The Plaintiff reallege paragraphs 1 through 36 above as though fully set forth herein.

42. The Defendants registered and used the www.roofdepotflorida.com domain name which incorporates TRD's ROOF DEPOT mark. The Defendants' registration and use of this domain name was made with bad-faith intent for the sole purpose to confuse and deceive

consumers and divert consumers from TRD's services to the Defendants' services for the Defendants' commercial gain.

43. TRD's ROOF DEPOT mark was distinctive at the time the Defendants registered the www.roofdepotflorida.com domain name.

44. As a direct and proximate result of the Defendants' actions, TRD has suffered damages.

45. Pursuant to 15 U.S.C. § 1125(d)(1)(C), TRD further seeks forfeiture or cancellation of the www.roofdepotflorida.com domain name or the transfer of said domain name to TRD.

**PRAYER AS TO ALL COUNTS**

WHEREFORE, Plaintiff demands:

a. That Defendants, their agents, servants, employees and, attorneys, and all those persons in active concert or participation with it, be temporarily and thereafter, permanently enjoined and restrained from:

(1) Using the ROOF DEPOT mark, the phrase "Roof Depot Inc.," or any confusingly similar design alone or in combination with other words as a service mark, trademark, trade name, component or otherwise, to mark it, advertise or otherwise identify Defendants' services;

(2) Otherwise infringing the "ROOF DEPOT" mark;

(3) Unfairly competing with Plaintiff in any manner whatsoever; and

(4) Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Plaintiff's mark;

(5) Any future acts of deceptive and unfair competition.

b. That Defendants be required to recall from their customers and deliver up and destroy all devices, literature and advertising and other material bearing the infringing designation;

c. That Defendants' **www.roofdepotflorida.com** domain name be forfeited to TRD or cancelled;

d. That Plaintiff be awarded its damages and Defendants' profits, and that this award of damages and profits be trebled pursuant to 15 U.S.C. § 1117(a);

e. That Plaintiff be awarded its actual damages from Defendants' acts of deceptive and unfair competition;

f. That Plaintiff be awarded a reasonable attorney's fee pursuant to 15 U.S.C. § 1117 and Fla. Stat. §501.2105;

g. That Plaintiff has and recover its costs in this action pursuant to 15 U.S.C. § 1117, Fla. Stat. §501.2105 and Fed. R. Civ. P. 54(d)(1);

h. That Plaintiff be awarded punitive damages in excess of $1 million; and

i. That Plaintiff has such other and further relief as this court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues so triable.

*/s/ Frank R. Jakes*

Frank R. Jakes
Florida Bar No. 372226
E-Mail: FrankJ@jpfirm.com
JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP
P.O. Box 1100
Tampa, FL 33601-1100
TEL: (813) 225-2500
FAX: (813) 223-7118
Attorneys for Plaintiff

3915841v1